IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STACEY COZAD,<br>    Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br>    Defendant. | Case No. 4:16-cv-04131-SLD-JEH |

**Order**

Before the Court is the Plaintiff Cozad's motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b). (D. 21)[1]. For the reasons stated, *infra*, the motion is GRANTED.

**I**

On March 15, 2017, Cozad filed a motion (D. 18) seeking to compel discovery responses from the Defendant Illinois Department of Corrections (IDOC). The motion sought an order compelling the IDOC to produce discovery that Cozad had requested from the IDOC on October 31, 2016, which included a request for all emails sent to or received from Warden Dorethy and Tammy Morgan that referenced Cozad. This Court granted the motion, ordering the IDOC to provide the outstanding discovery on or before May 1, 2017. To this day, the emails have never been produced. Moreover, at Dorethy's deposition on June 6, 2017—a full month after the deadline for producing the outstanding emails—Dorethy testified that no one had ever asked her to produce the emails.

---

[1] Citations to the Docket in this case are cited as "(D. __ at ECF p. __)."

1

In light of the IDOC's failure to comply with Cozad's initial discovery request and this Court's subsequent order, Cozad seeks sanctions pursuant to Federal Rule of Civil Procedure 37(b). Specifically, Cozad seeks as sanctions:

> 1. A finding that the Defendants have failed to comply with their discovery obligations even after an order was entered compelling them to do so.
>
> 2. Ordering the IDOC to produce the documents identified in Requests 10 and 11 immediately.
>
> 3. An order requiring the IDOC to reproduce Warden Dorethy for a second deposition so that the undersigned can inquire as to the information that is contained in the emails that should have been produced prior to her last deposition.
>
> 4. An order requiring the IDOC to pay the costs and legal fees associated with the second deposition of Warden Dorethy.
>
> 5. An order requiring the IDOC to produce Edward Jackson and Brian Adams for depositions prior to the close of discovery.
>
> 6. An order requiring the IDOC to pay Cozad's costs associated with bringing this motion.

(D. 21 at ECF p. 4).

The IDOC responds that its failures were not willful or in bad faith and, accordingly, sanctions "are not substantially justified." (D. 26 at ECF p. 2). It also asserts that it has finally performed the search for the requested emails and is in the process of reviewing them for relevance and privilege, although the IDOC does not provide the Court with an estimate of when this review might be completed. Finally, regarding the request to re-depose Dorethy, the IDOC blames Cozad for any need to do so, arguing that Cozad should have filed a motion with the Court

prior to that deposition if she believed the IDOC's discovery responses were sufficient.

In reply, Cozad notes that the IDOC fails to apply the proper legal standard for imposing sanctions here, Rule 37, which does not require a showing of bad faith. She also notes that the IDOC's response does not contest any of the facts supporting the imposition of sanctions here. Finally, she argues that she did not know that the IDOC's discovery responses were deficient *until* the deposition of Dorethy, where she first learned that no one had even attempted to comply with the Court's order.

## II
### A

Rule 37 permits a number of different sanctions for a party's failure to comply with a Court's discovery order. Fed. R. Civ. P. 37(b)(2)(A). Moreover, "instead of or in addition to" any sanction a court may impose, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Under Rule 37, sanctions are justified here. The initial request for the emails in question was made almost a year ago and it was two months between this Court ordering the production of the emails and Dorethy's deposition when Cozad learned that she had not even been asked to look for the emails. Now, three months after her deposition and over two months since the motion for sanctions was filed, the emails have *still* not been produced. Rather, the IDOC asserts it has finally performed the search it should have made nearly a year ago but does not even attempt to estimate when it will actually *produce* the emails. The IDOC provides no explanation, let alone justification, for its failure to look for the emails in

question after this Court ordered it to produce them. Whether the IDOC ignored this Court's order through negligence or bad faith, sanctions are justified.

## B

Having concluded that sanctions are appropriate, the Court must next consider what an appropriate sanction is. Although the willfulness of a party's violation of a court order is not relevant to whether sanctions should be imposed, it is relevant to *what* sanction a court should impose. *Tamari v. Bache & Co.*, 729 F.2d 469, 474-75 (7th Cir. 1984), *citing Societe Internationale v. Rogers,* 357 U.S. 197, 208, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958*); Marquis v. Chrysler Corp.,* 577 F.2d 624, 642 (9th Cir. 1978).

In the present case, there is no evidence that the IDOC's failure to follow this Court's order was willful or in bad faith. Rather, it is clear that the IDOC's failure to comply was through neglect. Accordingly, the more severe sanctions set forth in Rule 37(b)(2)(i)-(vii) are not warranted, nor does Cozad seek such sanctions. Rather, Cozad seeks only the information that has yet to be produced, an opportunity to depose Dorethy and others with the benefit of that information, and recovery of its fees and costs created by IDOC's sanctionable conduct. Cozad's suggested sanctions are reasonable, non-punitive, and directly related to the sanctionable conduct. Moreover, her request for reasonable expenses caused by the IDOC's failure is required by Rule 37(b)(2)(C), "unless the failure was substantially justified or other circumstances make an award of expenses unjust." The IDOC has offered nothing to suggest that its failures fall within these exceptions.

Accordingly, the Court sanctions the IDOC pursuant to Rule 37(b) for its failure to comply with this Court's order of March 30, 2017, and, pursuant to Rule 37(b)(2)(A) & (C), as that sanction orders as follows:

1. The IDOC shall produce the documents identified in Requests 10 and 11 within 7 days of entry of this Order;

2. The IDOC shall reproduce Warden Dorethy for a second deposition and pay Cozad's costs and legal fees associated with that second deposition;.

3. The IDOC shall produce Edward Jackson and Brian Adams for depositions prior to the close of discovery;

4. The IDOC shall pay Cozad's costs associated with bringing of its motion for sanctions.

The Court further orders that Cozad's counsel shall within 7 days of this Order file an affidavit setting forth the reasonable expenses and costs associated with its bringing of the motion for sanctions. The IDOC shall have 7 days after the filing thereof to make any objection to the reasonableness of those expenses and costs. If the IDOC files no objection, it shall remit to Cozad's counsel the requested amount within 21 days of this Order.

Failure of the IDOC to comply with this Order, including adhering to the deadlines set forth herein, will result in the imposition of additional sanctions, which may include the more severe sanctions set forth in Rule 37(b)(2)(i)-(vii).

*It is so ordered.*

Entered on September 22, 2017

<u>s/Jonathan E. Hawley</u>
U.S. Magistrate Judge